

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2009

# Wayne Pritchett v. Richard Ellers

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wayne Pritchett v. Richard Ellers" (2009). *2009 Decisions.* Paper 1467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1669

———————

WAYNE PRITCHETT,

Appellant

v.

RICHARD ELLERS;
JOHN SYMONS

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 06-CV-00265
District Judge: The Honorable Sylvia H. Rambo

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 16, 2009

Before: McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 28, 2009)

———————

OPINION

———————

1

SMITH, *Circuit Judge*.

Wayne Pritchett, a prisoner in the Pennsylvania State Correctional Institution at Rockview (SCI-Rockview) during 2004, suffered from papilloma of the larynx, which is a condition aggravated by environmental tobacco smoke (ETS). After undergoing surgery in mid-June of 2004, Dr. Kao, his surgeon, recommended that he avoid ETS. Although SCI-Rockview had a non-smoking policy, it was not enforced and inmates smoked in their housing units. Because Pritchett was exposed to smoking, he complained that he was not receiving adequate care and should be placed in a single cell.

Single celling for medical reasons required input from a physician. For that reason, Richard Ellers, the health care administrator at the facility, spoke with Dr. John Symons, a physician employed by SCI-Rockview. Although Dr. Symons found no medical justification for a single cell assignment, he conferred with Ellers about reducing Pritchett's exposure on several occasions. Since smoking on the cell blocks exposed Pritchett to ETS, Ellers contacted other officials at SCI-Rockview to investigate whether Pritchett's cell mate smoked and whether changing Pritchett's cell assignment would reduce or eliminate his exposure to ETS. Pritchett, however, opposed any such change. Nonetheless, in October and November, Ellers contacted officials within the Pennsylvania Department of Corrections (DOC) about transferring Pritchett to a facility that was smoke free. By late November of 2004, Pritchett required additional outpatient surgery on his throat. On December 9, 2004, Dr. Kao again recommended that Pritchett avoid ETS. On

2

December 14, the DOC transferred Pritchett to the State Correctional Facility at Fayette, which was allegedly a smoke free facility.

In February of 2006, Pritchett filed a complaint alleging, *inter alia*, that Ellers and Dr. Symons had been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution and that he had been discriminated against on the basis of a disability in violation of the Americans with Disabilities Act of 1990 (ADA). Pritchett's ADA claim against Dr. Symons was dismissed. After the close of discovery, Ellers and Dr. Symons moved for summary judgment. The District Court granted both motions. Pritchett appealed.[1]

With respect to the ADA claim against Ellers, the District Court concluded that the evidence that Pritchett's voice was "raspy" was not enough to show an impairment that substantially limited the major life activity of speaking, and thereby did not constitute a disability. We agree with the District Court. Under the ADA, the "term 'disability' means . . . [a] physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1). Speaking is specifically cited by the statute as a major life activity. 42 U.S.C. § 12102(2)(A). However, "[i]t is insufficient for individuals attempting to prove disability status [under the ADA] . . . to

---

[1]The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this final order under 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305 (3d Cir. 1999).

3

merely submit evidence of a medical diagnosis of an impairment." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002) (overruled on other grounds by the ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 353 (2008)). Yet that is what Pritchett adduced: a report from Dr. Kao regarding his medical diagnosis and evidence that his voice is "raspy." While his "raspy" voice may impact the volume of his speech, there is no evidence in the record before us that Pritchett was unable to articulate words and to communicate with other individuals. Nor have we been directed to any evidence of record that suggests that his condition caused others to have difficulty comprehending Pritchett's speech. *See Calef v. Gillette Co.*, 322 F.3d 75, 84 (1st Cir. 2003) (concluding that a medical assessment that verbal abilities were within the average range, including articulation, fluency, grammar and syntax, and that plaintiff was able to satisfactorily speak with customers failed to demonstrate a substantial limitation of the major life activity of speaking); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 507 (7th Cir. 1998) (observing that the life activity of speaking "surely does entail more than the physical aspects of vocalization"). In the absence of record evidence that Pritchett's impairment substantially limited his major life activity of speaking, we will affirm the District Court's grant of summary judgment in favor of Ellers on Pritchett's ADA claim.

We also find no error in the grant of summary judgment on the deliberate indifference claims. The District Court concluded that the conduct of Ellers and Dr. Symons in trying to accommodate the need to avoid ETS was neither indifferent nor

4

deliberate. We agree.

In considering Pritchett's claims against Ellers and Dr. Symons, we must be mindful that accommodating Dr. Kao's recommendation required consultation between Ellers and Dr. Symons. Ellers was not a physician and Dr. Symons did not possess the authority to unilaterally change an inmate's housing status. As a result, Ellers and Dr. Symons conferred in an effort to address Pritchett's medical needs. To that end, Ellers made inquiries in October and November to officials at SCI-Rockview and within the DOC about accommodating the need to avoid ETS. Pritchett's transfer occurred on December 14, 2004. Under these circumstances, there is no evidence of an intentional refusal to address the recommendation of Dr. Kao to avoid ETS. Nor is there any evidence to suggest that there was a deliberate disregard of the risk of continued exposure at SCI-Rockview. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, we will not disturb the District Court's judgment in favor of Ellers and Dr. Symons.